STATE OF NORTH CAROLINA, EX REL. COMMISSIONER OF INSURANCE v. COMPENSATION RATING AND INSPECTION BUREAU OF NORTH CAROLINA

No. 7610INS36

(Filed 4 August 1976)

Master and Servant § 80— workmen's compensation rates — remand of proceeding

Workmen's compensation rate proceeding is remanded to the Commissioner of Insurance for appropriate findings of fact from the present record to support his conclusion that "the current rates are reasonable, adequate, not unfairly discriminatory and in the public interest."

APPEAL by defendant from decision and order of the Commissioner of Insurance entered 14 October 1975. Heard in the Court of Appeals 4 May 1976.

This proceeding involves a filing on 18 June 1974, by the Compensation Rating and Inspection Bureau (Bureau) with the Commissioner of Insurance of North Carolina (Commissioner). The filing seeks approval of a revisal (an increase) for workmen's compensation insurance rates.

At the public hearings the Bureau presented testimony and exhibits in support of the filing, and there was also testimony in opposition to the filing. The Commissioner did not approve the proposed rate increase but entered instead the following order:

"This cause came on to be heard and was heard at a series of public hearing sessions beginning on February 12, 1975 and concluding on May 5, 1975, before the undersigned Commissioner of Insurance, following due notice to all parties, for the purpose of considering the captioned filing of the Compensation Rating and Inspection Bureau of North Carolina.

After giving full and careful consideration to all of the evidence in the record and to arguments of counsel, the undersigned Commissioner of Insurance makes the following:

### FINDINGS OF FACT

1. That the present workmen's compensation insurance rate levels and rating values in North Carolina were established by an Order of the former Commissioner of Insurance dated January 3, 1973, with those rate levels and rating values becoming effective December 1, 1973.

2. That the Compensation Rating and Inspection Bureau of North Carolina (hereinafter called the Compensation Bureau) made a filing for revised workmen's compensation insurance rates on June 18, 1974.

3. That said filing proposed a 9.0% reduction in rates based on a review of workmen's compensation loss experience in North Carolina and further proposed a 0.4% reduction in rates based on a reduction in loss adjustment expense, which reductions considered together, result in a 9.4% reduction.

4. That said filing proposed rate increases based on the alleged effect of legislative changes in benefits under the Workmen's Compensation Act and further based on the alleged effect of a hospital rate and medical fee change and an assessment change made by the North Carolina Industrial Commission.

5. That the net result of all the proposed rate changes in Findings of Fact 3 and 4 was a proposal for an average increase of 11.8% in the overall level of workmen's compensation insurance rates and rating values.

6. That said filing proposed, in addition to said 11.8% rate increase, other changes, among which are the following:

A. An increase from the present 44% to 156% in the United States Longshoremen's and Harbour Worker's Compensation Coverage Percentage applicable only in connection with Rule I(c) of Section XV— 'Maritime Employment' of the Manual,

B. Certain changes in the excess loss premium factors, and

C. Certain changes in the minimum premium formula.

7. That the proposed rate and rating value changes referred to in Finding of Fact 4 are not based on any actual loss or underwriting experience and that there is no credible evidence in the record justifying said changes.

8. That the changes referred to in Finding of Fact 6 were not justified by the Compensation Bureau and that there is no credible evidence in the record justifying said changes.

9. It is hereby found that a reasonable allowance for the effect of those factors referred to in Finding of Fact 4 on loss experience would be an allowance of an increase in the rates and rating values sufficient to offset the 9.4% rate reduction referred to in Finding of Fact 3.

10. That after giving consideration to the favorable loss and loss adjustment expense experience reported by the Compensation Bureau and the legislative and Industrial Commission fee and assessment changes, it is found that the current rates are reasonable, adequate, not unfairly discriminatory and in the public interest.

### CONCLUSIONS OF LAW

1. That under the provisions of Article 2 of Chapter 97 of the General Statutes of North Carolina, the Com-

pensation Bureau is responsible for compiling workmen's compensation insurance rates for submission to the Commissioner of Insurance for approval.

2. That under the provisions of said Article workmen's compensation insurance rates must be reasonable, adequate, not unfairly discriminatory, and in the public interest.

3. That after giving consideration to the favorable loss and loss adjustment expense experience reported by the Compensation Bureau and the legislative and Industrial Commission fee and assessment changes, it is concluded that the current rates are reasonable, adequate, not unfairly discriminatory and in the public interest.

Now, THEREFORE, IT IS HEREBY ORDERED:

1. That the June 18, 1974 filing of the Compensation Rating and Inspection Bureau of North Carolina be and the same is hereby disapproved.

2. That the rates and rating rules currently in effect for workmen's compensation insurance in North Carolina be and hereby are left unchanged as the approved rates and rating rules for such insurance in North Carolina.

ISSUED under my hand and official seal this the 14th day of October, 1975.

s/ JOHN RANDOLPH INGRAM
Commissioner of Insurance"

The Bureau appealed from the Commissioner's decision.

*Attorney General Edmisten, by Assistant Attorney General Isham B. Hudson, Jr., for plaintiff appellee.*

*Allen, Steed and Pullen, P.A., by Thomas W. Steed, Jr., for defendant appellant.*

ARNOLD, Judge.

The principal question for determination by the Commissioner was whether the increased rates filed by the Bureau were fair, reasonable and adequate. G.S. 97-100(a).

If the Commissioner determines, as he did in this case, that the rates are excessive, inadequate, unreasonable, unfairly

discriminatory or are otherwise not in the public interest, he has authority to issue an order altering or revising the rates. G.S. 97-104.1. Any such order or decision by the Commissioner that the rates filed are excessive, inadequate, unreasonable, unfairly discriminatory or otherwise not in the public interest, may be appealed to this Court, and any such order has to be based upon findings of fact and conclusions of law thereon. G.S. 58-9.4.

In the instant case the order disapproving the increased rates was an order or decision within the meaning of G.S. 97-104.1. The Commissioner determined that the rates filed were excessive, unreasonable, unfair or otherwise not in the public interest since he concluded that the rates currently in effect were reasonable, adequate, not unfairly discriminatory and in the public interest. However, his order is not based upon appropriate findings of fact as required, in our opinion, by G.S. 58-9.4. Without such findings of fact the order cannot be judicially reviewed by this Court.

This proceeding is remanded to the Commissioner of Insurance for appropriate findings of fact from the present record to support his conclusion that "the current rates are reasonable, adequate, not unfairly discriminatory and in the public interest."

Remanded.

Judges BRITT and VAUGHN concur.